FRANK A. GURLEY *v.* HENRY L. GURLEY, ADMR.

SURVIVING PARTNER.    *Bond.*    *Code* 1892, § 1910.

> Under code 1892, § 1910, providing for the execution of bond by a surviving partner who manages the co-partnership assets, the bond should be in a penalty equal to the entire value of the personal property.

FROM the chancery court of Lauderdale county.

HON. NATHAN C. HILL, Chancellor.

The facts are fully stated in the opinion of the court.

*G. Q. Hall & Son,* for appellant.

What was the purpose of the statute, code 1892, §§ 1909, 1910, 1911, 1912? Manifestly to provide security to the estate of the deceased partner. There was no intention to protect partnership creditors, no effort to provide for an ascertainment of partnership liabilities, no restraint is placed upon proceedings by co-partnership creditors to collect their debts, and they are not required to probate their claims. The security of creditors not being in legislative contemplation, it is absurd to think that the lawmakers designed to require of the surviving partner security for his own protection. The sureties on his bond could not be held responsible to him, their principal. It must follow, therefore, that the bond should be in a penalty commensurate with the interest of the deceased partner's estate in the assets. To construe the law otherwise leads to hardship, if not to absurdity. In this case it will be prohibitory.

No counsel appeared for the appellee.

TERRAL, J., delivered the opinion of the court.

F. A. Gurley and Mrs. M. C. Gurley were partners in the mercantile business. In January, 1899, Mrs. Gurley died. The appraisers of her estate valued the partnership assets at about $25,000, and the interest of the deceased partner therein at $1,677.

F. A. Gurley, the surviving partner, offered his bond in the sum of $2,000, and asked that the partnership estate be confided to him for administration, but the court required of him a bond in the sum of $25,000 for the execution of said trust. Whereupon F. A. Gurley appeals, and contends that his bond should only cover the $1,677 interest of his deceased co-partner, or, at most, that sum and the debts of the partnership.

Section 1910, annotated code, provides that the partnership estate shall be delivered to the surviving partner upon his giving bond in such sum as is required in other cases of administration. In other cases of administration the bond is to be fixed at the value of the personal estate, and we think that it is the meaning of the legislature that the surviving partner should give bond in a sum equal to the value of the partnership estate, for that is the estate which is to be administered by him.

At law, upon the death of one of the partners, the surviving partner is invested with the title and possession of the partnership property, but in equity he is a trustee for all parties concerned, and although the surviving partner may be the largest beneficiary of the partnership estate, he is by this statute put under bond for the execution of the trust providentially falling to him by the death of his co-partner. It might have been enough to have required a bond sufficient to cover the interests of creditors, and of the representatives of the deceased partner, but the difficulty of determining, in advance of the winding up of the affairs of the partnership, what such interests would be, necessitated the fixing of the bond at the value of the partnership estate. And if this be a hardship upon the surviving partner, as it is here claimed to be, it is unavoidable from the circum-

stances of the case, and the hardship may be soon removed by a speedy execution of the trust.

*Affirmed.*